UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACQUELINE CASTLEBERRY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4154** |
| **BP EXPLORATION & PRODUCTION, INC., ET AL.** | **SECTION: D (1)** |

## ORDER AND REASONS

Before the Court is Plaintiffs'[1] Motion to Reconsider Order Granting Summary Judgment to Defendants.[2] The Defendants, BP Exploration & Production Inc., BP America Production Company, BP p.l.c., Halliburton Energy Services, Inc., Transocean Holdings, LLC, Transocean Deepwater, Inc., and Transocean Offshore Deepwater Drilling, Inc. (collectively "Defendants") oppose this Motion.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion.

### I.   FACTUAL & PROCEDURAL BACKGROUND

This case arises from the *Deepwater Horizon* oil spill in the Gulf of Mexico in 2010 and the subsequent cleanup efforts of the Gulf Coast. The Court has previously detailed the factual background of this case;[4] accordingly, the Court only discusses the relevant background as it pertains to the instant Motion.

---

[1] The Plaintiffs are Jacqueline Castleberry and Jancey Castleberry-Fort, individually and on behalf of her minor child, JJC.
[2] R. Doc. 79.
[3] R. Doc. 80.
[4] *See* R. Doc. 77 at pp. 2–4.

On January 17, 2023, this Court granted Defendants' *Daubert* Motion to Exclude the General Causation Opinions of Plaintiff's expert, Dr. Jerald Cook[5], and Defendants' Motion for Summary Judgment Due to Plaintiff's Inability to Prove Medical Causation[6] for the reasons stated in that Order.[7] Plaintiffs filed the present Motion on February 14, 2023, asking this Court to reconsider its previous Order granting summary judgment for Defendants in light of the claims raised in a November 2022 affidavit of Dr. Linda Birnbaum ("Dr. Birnbaum"), the Director of the National Institute of Environmental Health and Sciences from 2009 to 2019.[8] Plaintiffs argue that Dr. Birnbaum's affidavit "creates material issues of fact" sufficient for the Court to reconsider its prior Order granting summary judgment in favor of Defendants.[9]

The Defendants filed a response in opposition to the Motion, pointing out that the Court has already considered Dr. Birnbaum's affidavit, finding it to be irrelevant to the reliability of Plaintiffs' general causation expert, Dr. Jerald Cook.[10] The Defendants also contend that Plaintiffs have wholly failed to provide any new reason for the granting of the Motion not already considered and rejected by this Court and has failed to address any of the relevant factors for reconsideration of a judgment after entry.[11]

---

[5] R. Doc. 59.
[6] R. Doc. 60.
[7] R. Doc. 77.
[8] *See* R. Doc. 79; R. Doc. 79-2.
[9] R. Doc. 79 at p. 1.
[10] R. Doc. 80 at p. 2.
[11] *Id.* at p. 7.

## II. LEGAL STANDARD

A Rule 59(e) motion to alter or amend a judgment "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[12]  A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e).[13]  The Court is mindful that, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[14]  "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[15]

"A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law."[16]

## III. ANALYSIS

Plaintiffs rely on evidence already considered and rejected by this Court. As the Court has explained elsewhere, Dr. Birnbaum "appears to conflate general

---

[12] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).
[13] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).
[14] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[15] *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[16] *Jupiter v. BellSouth Telecomms., Inc.*, Civ. A. No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.)) (internal quotation marks omitted); *accord Castrillo v. American Home Mortg. Servicing, Inc.*, Civ. A. No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citing authority).

causation with specific causation" and "Dr. Birnbaum's affidavit [neither] corrects [n]or explains the shortcomings of Dr. Cook's Report so as to render his opinions admissible."[17] Plaintiffs' Motion relies solely on Dr. Birnbaum's affidavit and does not include any new argument or evidence. Plaintiffs' reliance on evidence already considered by the Court alone justifies denial of Plaintiffs' Motion. Simply rehashing the same arguments which the Court has already deemed insufficient and irrelevant is inappropriate for a motion for reconsideration and a waste of judicial resources. Moreover, as Defendants point out, Plaintiffs have failed to address *any* of the factors considered by courts in this district when determining whether reconsideration of a judgment is merited.

In sum, Plaintiffs' rehashing of arguments already considered and rejected by this Court fails to carry Plaintiffs' heavy burden in persuading the Court to grant the "extraordinary remedy" of a Rule 59(e) motion.[18] Plaintiffs fail to show that the Motion should be granted in order to correct manifest errors of law or fact or to prevent injustice.[19] Further, Plaintiffs have presented no new relevant evidence nor shown that the motion is "justified by an intervening change in the controlling law."[20] Accordingly, the Court finds that Plaintiffs have failed to demonstrate that this Court should either alter or amend its prior Order in this case granting summary judgment in favor of Defendants.

---

[17] *See Kaoui v. BP Expl. & Prod., Inc.*, No. CV 17-3313, 2023 WL 330510, at *9 (E.D. La. Jan. 12, 2023). This Court relied upon its analysis in *Kaoui* in the instant case regarding the reliability and relevancy of the June 21, 2022 version of Dr. Cook's Report.
[18] *Templet*, 367 F.3d at 479.
[19] *Jupiter*, 1999 WL 796218, at *1.
[20] *Id.*

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider Order Granting Summary Judgment to Defendants[21] is **DENIED**.

New Orleans, Louisiana, March 9, 2023.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[21] R. Doc. 79.